José Agustín Vincenty-Martínez, Petitioner and Appellee, v. Carmen Vázquez-Sánchez et al., Respondents and Appellants.

No. 4282. Argued June 11, 1927.—Decided June 14, 1927.

*L. Muñoz Morales, Angel A. Vázquez* and *Benet & Souffront* for the appellants. *J. Sabater* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Carmen Vázquez, respondent and appellant, filed a motion to dismiss an appeal taken by María de los Angeles Oxíos Vincenty and others from the same judgment appealed from by her, rendered in a proceeding brought by José Agustín Vincenty for a declaration of heirs.

The ground of her motion is the expiration of the time for filing the transcript in that although a transcript was pending it was void for the reason that the district court had no discretion to approve it in view of the facts that it had been prepared by the attorneys of the appellant and not by the stenographer, and that the court had rejected it and ordered the stenographer to prepare another, which order

of the court, as alleged by the respondent Carmen Vázquez, virtually amounted to the granting of a new extension.

María de los Angeles Oxíos and the other parties who had joined in her appeal opposed the dismissal and argued extensively in regard thereto. After having considered the opposition and having heard the lengthy arguments of counsel on both sides, only one decision is possible, i. e., to dismiss the motion of respondent Carmen Vázquez.

As this is a case of appeals from the same judgment to be brought on transcripts entirely identical and following the procedure recommended by the Circuit Court of Appeals for the First Circuit in *Gandía* v. *Porto Rico Fertilizer Co.,* 291 Fed. 23, and by the Supreme Court of Porto Rico in *Central Pasto Viejo, Inc.,* v. *Arturo Aponte, Jr.,* 34 P.R.R. 192, appellant María de los Angeles Oxíos sought an agreement with appellant Carmen Vázquez for presenting a single transcript, but Carmen Vázquez did not agree.

María de los Angeles Oxíos then, by her attorney, prepared a transcript and submitted it to the stenographer who certified to it. That transcript so certified to was filed in time in the district court.

Respondent Carmen Vázquez urges that the fact that the transcript certified to by the stenographer had been prepared by the attorneys renders it void *ab initio.* She is entirely mistaken. It is not important by whom the transcript is prepared, but that it is a true transcript and it is so certified to by the stenographer.

For the foregoing reasons the contention of respondent Carmen Vázquez is left without support. No new extension was granted by the court's ordering the stenographer to prepare a new transcript on account of the discovery of certain defects. The court acted within the usual practice on the approval of bills of exceptions, statements of the case and transcripts of the evidence and therefore had full authority to do so.

Recently in the case of *Successors of Gómez & Vega v. Merced, ante,* page 56, this court held that—

"After a statement of the case has been filed, if amendments thereto are presented and accepted, the new document containing the amended statement of the case may be approved by the judge in the exercise of his discretion, even after the expiration of the period granted."

Motion to dismiss overruled.